UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BHAVYA SHAH,

               Plaintiff,

       v.

RBC CAPITAL MARKETS
CORPORATION,

               Defendant.

**MEMORANDUM OPINION
& ORDER**

10 Civ. 7672 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

       This is an employment discrimination action brought under Title VII of the Civil

Rights Act of 1964 and related provisions of New York and local law.  Plaintiff Bhavya Shah

claims that she suffered retaliation after complaining about being sexually harassed by a

supervisor.  Plaintiff has moved for voluntary dismissal under Fed. R. Civ. P. 41(a)(2).

Defendant RBC Capital Markets Corporation opposes the motion and, in the event the motion is

granted, seeks an award of attorneys' fees.  For the reasons set forth below, Shah's motion for

voluntary dismissal will be granted, and RBC's request for attorneys' fees will be denied.

**BACKGROUND**

       The Complaint was filed on October 7, 2010, and RBC answered on December

28, 2010.  (Dkt. Nos. 1, 3)  An initial conference was held on February 3, 2011, and a Case

Management Plan was entered the next day.  (Dkt. No. 6)

       On May 13, 2011, Shah filed a motion pursuant to Fed. R. Civ. P. 41(a)(2)

seeking dismissal without prejudice.  Shah seeks dismissal because (1) "she is two months

pregnant and has developed complications which will make it difficult for her to participate in

this litigation," and (2) "plaintiff has decided to assert state law claims against the individual

harasser in state court." (Pltf. Br. 4)  Shah represents that if the dismissal is granted, she will

"abandon her federal claims against defendant and rely solely on [her] state law claim in state

court." (Id.)  Shah has agreed that "any discovery exchanged in this action may be used in the

subsequent state court lawsuit." (Id.)

RBC filed its opposition to Shah's motion on June 6, 2011.  RBC argues that it

will be prejudiced by the delay in the litigation (Def. Br. 7) and seeks an attorneys' fee award in

the event that voluntary dismissal is granted.  Shah opposes the request for attorneys' fees,

arguing that "defendant has failed to demonstrate that any time incurred would not be applicable

to the state court action [and that all] the time incurred was necessary." (Pltf. June 14, 2011 Ltr.

1, 4)

## DISCUSSION

It is within the sound discretion of this Court to determine whether dismissal

without prejudice is appropriate.  Under Rule 41(a)(2), "an action may be dismissed at the

plaintiff's request only by court order, on terms that the court considers proper."  In resolving a

motion for voluntary dismissal, courts should consider

> "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on
> plaintiff's part; the extent to which the suit has progressed, including the
> defendant's effort and expense in preparation for trial; the duplicative expense of
> relitigation; and the adequacy of plaintiff's explanation for the need to dismiss."

Ibeto Petrochemical Indus. Ltd. v. M/T Beffen, 475 F.3d 56, 61 (2d Cir. 2007) (quoting Zagano

v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990)).

"The primary purpose of Rule 41(a)(2) is to protect the interest of the defendant.

Accordingly, a dismissal without prejudice should be granted under Rule 41(a)(2) where the

defendant will not suffer any legal prejudice." D'Alto v. Dahon California, Inc., 100 F.3d 281,

283 (2d Cir. 1996).  Moreover, "the possibility of commencing another action in state court will

2

not operate as a bar to granting the motion." Mercer Tool Corp. v. Friedr. Dick GmbH, 175

F.R.D. 173, 175 (E.D.N.Y. 1997) (internal citations omitted).  "To protect the defendant's

rights[, however,] the Second Circuit permits the imposition of certain conditions when granting

a plaintiff a voluntary dismissal." (Id.)

## I.       DISMISSAL WITHOUT PREJUDICE IS APPROPRIATE

After considering the five Zagano factors, this Court concludes that this action

should be dismissed without prejudice.

First, Shah has demonstrated that she was diligent in bringing this motion and has

provided an adequate explanation for it.  A letter from Shah's doctor states that she "developed

complications in her pregnancy in late April, and was removed from work for four weeks."

(June 6, 2011 Garden City Women's Health Center Ltr.)  Shah's doctor states that her "prognosis

is guarded as to a recurrence of those complications," and he has "recommended that she avoid

unnecessary stressful activities for the duration of her pregnancy."  (Id.)

Shah's motion was thus brought approximately two weeks after she began

experiencing complications with her pregnancy.  (O'Neill Decl. ¶ 5)  Moreover, "[w]hen

analyzing whether a party was diligent in bringing a motion, courts have focused on whether or

not the moving party encouraged the non-moving party to continue discovery without any

intention of pursuing its claims." Omega Inst., Inc. v. Universal Sales Sys., Inc., No. 08-CV-

6473, 2010 WL 475287, at *3 (W.D.N.Y. Feb. 5, 2010) (citing Pac. Elec. Wire & Cable Co. Ltd.

v. Set Top Int'l, Inc., No. 03 Civ. 9623(JFK), 2005 WL 578916, at *5 (S.D.N.Y. Mar. 11, 2005);

Banco Central De Paraguay v. Paraguay Humanitarian Found., Inc., No. 01 Civ. 9649(JFK),

2006 WL 3456521, at *4 (S.D.N.Y. Nov. 30, 2006)).  Here, as RBC points out, Shah has not

served any interrogatories or taken depositions (Def. Br. 11-12), and there is no evidence that she

encouraged RBC to take discovery while having no intention of pursuing this litigation.  In short, this Court finds both that Shah was diligent in bringing this motion and that she has provided an adequate explanation for bringing it.

Second, Shah has not engaged in "undue vexatious behavior."  Courts have found vexatiousness or ill-motive "where plaintiff has assured the court and the defendants that they intended to pursue their claims prior to seeking a dismissal."  Omega Inst., Inc., 2010 WL 475287, at *4 (citing Pac. Elec. Wire & Cable Co. Ltd., 2005 WL 578916, at *5 ("The Court also finds some vexatiousness in Plaintiffs' prosecution of this case. . . . Plaintiffs assured the Court, in no uncertain terms, that this case would continue.")).  There is no such record here, nor has RBC demonstrated that "plaintiff's claims [are] baseless or frivolous, [or that she] has engaged in any patently dilatory or inappropriate motion practice."  Id.  There is no evidence that Shah has acted in bad faith.  Indeed, the medical evidence fully supports Shah's assertions about why she is seeking to terminate this litigation now.

The third factor – the extent to which the suit has progressed and the effort RBC has spent in preparation for trial – also weighs strongly in favor of dismissal without prejudice. The suit was filed in October 2010, approximately seven months before Shah's motion was filed. RBC filed its answer at the end of December 2010, and a case management plan was entered in February 2011.  Discovery is not complete and no depositions have been taken (O'Neill Decl. ¶¶ 2-3), nor has a trial date been set.  In short, this case is in its early stages.  Dismissal without prejudice has been permitted in cases that have been pending much longer than seven months. See, e.g., Catanzano v. Wing, 277 F.3d 99, 110 (2d Cir. 2001) (finding that district court abused its discretion in refusing to grant motion for voluntary dismissal where "although the litigation

4

has gone on for years, this claim has thus far not been litigated and only halting discovery has

taken place").

Finally, the risk of duplicative expense is minimal.  In the event that Shah files

claims in state court, those claims will have the same factual basis as the claims raised in this

action.  Because Shah has agreed to stipulate that all discovery produced in this case may be used

in a subsequent state court action (O'Neill Decl. ¶ 11), RBC will not incur additional expense

with respect to document discovery in any state court proceeding.  "Given the relatively small

amount of discovery that has taken place thus far, the . . . defendant[] can easily use that work

should plaintiff later choose to decide to reassert its claims."  See Omega Inst., Inc., 2010 WL

475287, at *5.

In sum, Shah has demonstrated that dismissal without prejudice pursuant to Fed.

R. Civ. P. 41(a)(2) is appropriate.

## II.     AN ATTORNEYS' FEE AWARD IS NOT WARRANTED

When dismissal without prejudice is granted, "[c]ourts often grant fee awards."

Jewelers Vigilance Comm., Inc. v. Vitale Inc., No. 90 Civ. 1476(MJL), 1997 WL 582823, at *4

(S.D.N.Y. Sept. 19, 1997).  "'The purpose of such awards is generally to reimburse the defendant

for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant

that the same suit will be refiled and will impose duplicative expenses upon him.'"  Id. (quoting

Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir. 1985)).  However, it is within the district court's

discretion to determine whether fees are appropriate as well as the proper amount, and "courts

will not reimburse defendants for the costs and expenses incurred for work that will be relevant

in other pending litigation between the parties."  Id. at *4 n.5 (citing Horton v. Trans World

Airlines Corp., 169 F.R.D. 11, 18 (E.D.N.Y.1996) ("costs cannot include those expenses for items that will be useful in another action or that were incurred unnecessarily")).

Here, RBC has not demonstrated that it will be put to duplicative expense. Work associated with discovery, including document production, the drafting of a confidentiality agreement, discovery research, and deposition preparation has not been wasted, because the same tasks would be required in Shah's planned state court action. Similarly, the answer prepared in this case will be used in drafting an answer in the state court action. RBC's fee request is also excessive. For example, RBC's counsel seeks fees for 16.1 hours of work for attending two brief court conferences. (Watson Decl. ¶ 5)

Because RBC has not demonstrated either that it will be put to duplicative expense or that its claimed expenses are reasonable, the request for an attorneys' fee award will be denied.

## CONCLUSION

Plaintiff's motion for dismissal without prejudice is GRANTED. Plaintiff's motion has been granted on the condition that she abandon her federal claims and stipulate – in any subsequent state court action – that discovery produced in this case may be used in the state court action. Defendant's request that the dismissal be conditioned on the payment of certain attorneys' fees is DENIED. The Clerk of the Court is directed to terminate the motion [Docket No. 7] and to close this case.

Dated: New York, New York
      July 5, 2011                          SO ORDERED.

                                            _____
                                            Paul G. Gardephe
                                            United States District Judge

6